DORÉ, Judge.
This is a suit on a group policy of life insurance represented by Certificate No. 323-KP of defendant company on the life of B. J. Wilson for the sum of $200. Plaintiff alleges that she is the daughter of the said Wilson, assured, and that she is the beneficiary designated in the said certificate ; that the said B. J. Wilson died, intestate, at Bogalusa, Louisiana, on June 8, 1951, while the policy or certificate of insurance was in full force and effect; that demand has been made for payment of the face value of certificate or policy without avail. The prayer of her petition is in accordance with her allegations.
The Good Citizens Life Insurance Company, in answer to the demands of plaintiff, sets out that it was the successor of the Good Citizens Mutual Benefit Association, Inc. and that on May 5, 1947, all policies of insurance of said Good Citizens Mutual Benefit Association, Inc. were assumed 100% by it, and that among the liabilities of the policies thus assumed was Policy No. 323-KP covering the life of Ben J. Wilson. In its answer, defendant admitted its corporate existence under the laws of Louisiana and doing business in the City of Bogalusa, admitted the death of Ben J. Wilson, intestate, on June 8, 1951, and that demand had been made on it for the payment of $200 by plaintiff, which was refused; it denied all of the remainder of plaintiff’s allegations; and in further answer it alleges that claim has been made upon the certificate or policy by one Thelma McGee, daughter of insured, Ben J. Wilson; that said Thelma McGee is named beneficiary under a duplicate policy No. 323-KP of Good Citizens Mutual Benefit Association, Inc. on the life of Ben J. Wilson.
In further answer, and assuming the position of plaintiff in interpleader, defendant avers that in the course of business, on or about February 1, 1946, the Good Citizens *31 Mutual Benefit Association, Inc., issued its policy No. 323-KP insuring the life of Ben J. Wilson subject to the conditions and terms of said policy; that for reasons unknown to it, it does not have a duplicate of the original policy issued in this proceeding and does not have any record of the beneficiary under the terms of the original policy; that Thelma McGee is a claimant as named beneficiary under a duplicate policy issued on July I, 1949, which policy carries the No. 323-KP and insures the life of Ben J. Wilson for the sum of $200. That the said duplicate policy was issued to Ben J. Wilson by it pursuant to the presentation to it by the insured of an affidavit made out before A. J. Jones on June 16, 1949, signed by the insured stating that the original policy held by the insured had been lost or destroyed. That said Thelma McGee is named beneficiary on the application for membership submitted by the insured Ben J. Wilson, which application, is undated but signed by the- insured. That Thelma McGee has claimed the proceeds owed by it under Knights of Pythias Policy No. -323; the claimant’s application submitted to it and signed by said Thelma McGee is annexed to its answer and made a part thereof.
It further avers that Josephine Wilson Bland, petitioner herein, is named beneficiary on the individual application card dated February 9, 1946 but signed by one other than the insured.
It further avers that proof of loss executed by claimant Thelma McGee has been duly presented to it and that it is ready and willing to pay the proceeds of the said certificate of insurance to the person rightfully entitled to same, but because of the adverse claims which have been made upon it, it is unable to determine which claimant is entitled to receive the proceeds of the said certificate of insurance or any part thereof and accordingly it desires to pursue the remedy afforded it by Act 123 of 1922 and to "deposit the sum of $200, the proceeds of the said policy of insurance in the Registry of the City Court and impleads all claimants thereto. That it deposited the said sum of $200 in the Registry of the Court and avers that under the terms of the interpleader act hereinabove referred to, it is entitled to prosecute the proceedings without prepayment of any costs or liability therefor and should be relieved from such payment.
The prayer is that it be permitted to deposit the sum of $200 in the Registry of the Court; that Thelma McGee and Josephine Wilson Bland each be cited to appear and answer thereto and make such claims as to the funds as they desire and after due proceedings had, there be judgment setting forth as to whom the $200 thus deposited should be paid, and relieving it of all costs and for all equitable and general relief.
An order issued permitting the defendant Insurance company to deposit the $200 in the Registry of the City Court, which was accordingly done.
Both claimants, through their attorneys, accepted service and waived citation of the answer, waived all legal delays and reserved all rights.
Thelma McGee appeared and answered the interpleader proceedings. In her answer, she admits the issuance of a policy on the life of Ben J. Wilson by defendant on February 1, 1946; that she is a claimant under a duplicate policy; that said policy issued as set out by defendant in its answer. She denies, however, that plaintiff, Josephine Wilson Bland, is named on the individual application card of February 9, 1946; she admits making proof of loss. In answer to- plaintiff’s petition or demand, she denies all the allegations thereof. In further answer, she avers that although the plaintiff Josephine Wilson Bland was the original beneficiary of the policy, that however, Ben J. Wilson, the assured, later on changed the beneficiary on the said policy to her and therefore she is entitled to the proceeds.
The plaintiff, Josephine Wilson Bland, did not answer the interpleader of defendant.
A trial of the case on the issues thus made resulted in a judgment in favor of the plaintiff, Josephine Wilson Bland, and against the defendant, Good Citizens Life Insurance Company, in the full sum of *32 $200, together with legal interest thereon from October 13, 1951 until paid and court costs. There was further judgment rejecting the demands of Thelma McGee at her costs. The defendant Insurance Company and Thelma McGee have appealed.
The Good Citizens Mutual Benefit Association, Inc., the predecessor of the Good Citizens Life Insurance Company, the present defendant, entered into an agreement or arrangement with the Grand Lodge of the Order of Knights of Pythias of North America, South America, Europe, Asia, Africa and Australia for Group Term Life Insurance upon the lives of the members of said order, on November 10, 1945. On February 1, 1946, B. (Ben) J. Wilson, then a member of the said order in good standing, applied for and was issued Certificate of Insurance No. 323-KP on his life under the group plan above described. At the time of the issuance of the insurance certificate, he named his daughter Josephine Wilson as his beneficiary.
In the agreement or arrangement between the insurance company and the Grand Lodge is found the following:
“Members May Change Beneficiary. Any member while insured hereunder, may, from time to time, change the Beneficiary without notice to or consent of said Beneficiary by filling written notice thereof through the Grand Lodge with the Home Office of the Company accompanied by the Certificate of Insurance for endorsement. Such change shall take effect only upon endorsement of the same on the certificate by the Company.”
A like provision is found on the face of the certificate reading as follows:
“The beneficiary may be changed, in accordance with the terms of said policy, by the Member at any time while the insurance on his or her life is in force, by notifying the Company through the Grand Lodge. Such change shall take effect only upon endorsement of the same on this certificate or the issuance of a new certificate.”
On June 16, 1949, while in good standing in the Order, the insured Ben (B. J.) Wilson executed an affidavit before A. J. Jones, (the City Court Judge of Boga-lusa), a Notary Public for the Parish of Washington, to this effect:
“That he is insured under and owner of a Knights of Pythias Insurance Policy, which policy was issued during the year 1945; that the said policy has been lost or destroyed, and he is unable to locate same, and that he is making this affidavit in order that a duplicate policy may be issued.”
In an undated “Application for Membership” directed “To the C. C. Officers and Members of Noah’s Ark Lodge No. 155, located at Bogalusa, Louisiana,” signed by Ben (B. J.) Wilson, the name of the beneficiary is designated as “Thelma McGee — Daughter.”'
These documents were evidently sent to defendant company by some officer of the local lodge in Bogalusa in that we find on the affidavit the notation: “please mail policy to this office,” signed “A. S. Nixon”. Be that as it may, the defendant, acting under these two documents, issued, on July 1, 1949, a duplicate policy of certificate No. 323, with the name of “Thelma McGee — Daughter Beneficiary”.
On June 8, 1951, Ben (B. J.) Wilson died at Bogalusa, in good standing in the Order. On June 15, 1951, Thelma McGee, as daughter and beneficiary in duplicate policy, made due proof of death and claimed the $200 as provided for under the policy.
On October 10, 1951, plaintiff, Josephine Wilson Bland, filed this suit, claiming the proceeds of the policy. By the answer of defendant, the original action was converted into an interpleader action, somewhat in the nature of a recon-ventional demand to the original suit. Although the insurance company prayed that the two contestants for the proceeds be cited to answer, and although both were served, only Thelma McGee filed an answer. Josephine Wilson Bland did not answer, presumably taking the position that she was plaintiff in the original suit, and *33 that the answer of the defendant was in the .nature of a reconventional demand. Since there is no replication in • Louisiana, the plaintiff in the original suit had the right to urge any defense which she had to the interpleader action and offer evidence in support ‘thereof without the formality of a written answer or plea.
The defendant insurance company, on November 19, 1951, deposited the $200 in the Registry of the Court, as per order of the Judge of Said Court of the same day and date.
The real contest presented to us by these appeals chiefly concerns the conflicting claims of Josephine Bland and Thelma McGee, in that the insurance company, having converted the suit into an inter-pleader action under the provisions of Act No. 123 of 1922, LSA-R.S. 13:4811-13:4827 and having deposited the $200, the face value of the certificate of insurance, in the Registry of the Court, is no longer concerned with the disposition of the matter.1
It is conceded that Josephine Wilson Bland is the daughter of Ben J. Wilson. It was duly proven that Thelma McGee is the Step-daughter of the said Wilson. Under the rules of the order and the agreement, between the order and the insurance company, both were eligible to be the beneficiary of the insurance certificate or policy.
It is the contention of Josephine Wilson Bland that since she is named as beneficiary on the original certificate, she is entitled to receive the proceeds in that no valid written request by the insured had been made upon the defendant insurance company to change the beneficiary in the issuance of a duplicate policy. She attacks the undated “Application for Membership” signed by Ben Wilson some time in June, 1949 and sent to the insurance company for the duplicate policy wherein Thelma McGee was designated as beneficiary in that it was not an authentic document. She further states that in the affidavit executed by Ben Wilson on June 16, 1949, no mention is made of changing the beneficiary from her to her step-sister, Thelma McGee.
Our answer to her contention Í9 that neither the contract between the insurance company and the Grand Lodge, nor the certificate itself, extracts of which are quoted supra, states the form in which the notification of change of beneficiary by a member shall be made .to the company, the -only requirement being that it be a written notice. To our way of thinking, the undated “Application for Membership”, with the designation of Thelma McGee as beneficiary is sufficient. It was signed by Ben Wilson. It was witnessed by L. B. Pierce, who recognized his signature on the document. A mere comparison of the signature of Ben Wilson thereon to the admitted signature of Ben Wilson on the affidavit, clearly convinces us that they are identical and were made by the same person.
Furthermore, the duplicate certificate was issued on July 1, 1949, some fifteen days after the execution of the affidavit and the duplicate certificate came into- the possession of the insured and remained in his possession and among his effects until he died on June 8, 1951, practically two years thereafter. It stands to reason that he must have been satisfied with the duplicate policy with the change in beneficiary.
It is now well established in our jurisprudence that the technical requirements in connection with applications for change of beneficiary is for the benefit of the insurer and such requirement may be waived by the insurer and that no person may object to such waiver except one who has acquired a vested interest in the proceeds of the policy. In the case at bar, Josephine- Wilson Bland, the plaintiff, did not have a vested interest in the policy because there is a provision in the certificate of insurance permitting a change of beneficiary until such certificate has become due and payable. LSA-R.S. 22:546.
Furthermore it is- clear in the case at bar that .the insured did substantially all that lay within his power to do to effect a change in the beneficiary, and which was accepted as a full compliance of the requirements by the insurer, and was a *34 waiver by the insurer of any technical requirements.
For these reasons, it is decreed that the judgment be reversed, annulled and set aside, and that there be judgment in favor of defendant, dismissing plaintiff’s suit. That there be further judgment in favor of Thelma McGee and against the said plaintiff Josephine Wilson Bland and the Good Citizens Life Insurance Company recognizing the said Thelma McGee entitled to the sum of $200 deposited in the Registry of the City Court of Bogalusa, free of any costs, and relieving the said Good Citizens Life Insurance Company of any further liability on Certificate No. 323-KP. All costs to be paid by plaintiff Josephine Wilson Bland.