LEMMON, Judge.
This is a concursus proceeding to determine entitlement to the proceeds of a group life insurance policy issued to Alcide Sanchez. After Sanchez died in 1973, the proceeds were claimed by Mrs. Bertha Sanchez, his widow, and by Mrs. Dolores Jacobsen, his daughter from a previous marriage. The sole issue is whether Sanchez validly changed the policy beneficiary in 1971.
The policy contained the following pertinent provision:
“The Employee may change his designation of beneficiary as often as desired by written request filed at the Headquarters of the Employer or at the Home Office of the Insurance Company.”
When Sanchez was first employed by the policyholder-employer in 1950, he designated his then wife, Hester, as beneficiary under the group policy. This designation was evidenced by the signed and dated card form request for group insurance, which was filed with the employer. That card was introduced into evidence as Exhibit J-3A and is reproduced below:[1]

*681

Exhibit J-2, also filed with the employer, was signed, witnessed and dated in 1964 and evidenced Sanchez’s intention to change the beneficiary upon his remarriage in that year to Bertha Sanchez. However, when Sanchez died, that card had been altered by someone scratching through the name of Bertha L. Sanchez and noting “see other side”, as shown.
The reverse side of Exhibit J-2 contained only instructions to the employer. How *682 ever, Exhibit J-2 was attached to Exhibit J-3, and the reverse side of Exhibit J-3A (the original request for group insurance) contains the name of Bertha Jacobsen. The reverse side of Exhibit J-3A is reproduced below:

On Exhibit J-3B Mrs. Sanchez identified the signature as that of her husband, and the employer’s personnel manager identified the handwriting on the line dated February 16, 1971 as that of an office clerk. There was no other evidence of Sanchez’s intention to change the policy beneficiary in 1971 from Bertha Sanchez to Dolores Jacob-sen.
The policy requires a written request for change of beneficiary by the employee. Of course, the request may be typed or written by hand by someone else, but must be executed by the employee.
Sanchez’s signature appears in the “Dependents Cancelled” section on Exhibit J-3B, but that section does not list a date or the name of the dependent cancelled. On the other hand, the “Dependents Added” section is dated and contains the name of the person named as a dependent in 1964, but does not contain a signature. Furthermore, there was no designation of beneficiary card executed in 1971, as had been done in 1964, and such a card (with spaces for the signatures of the insured and a witness and for the date of signature) was apparently designed by the company and the insurer for use in avoiding the exact type of dispute which occurred here.
The burden of proving the validity of the alleged change of beneficiary in 1971 is on Mrs. Jacobsen, whose claim is based on that change. While it is arguable that Sanchez’s undated and unwitnessed signature on Exhibit J-3B was executed on February 16,1971 to request a second change of beneficiary, it is at least equally probable that the signature was executed in 1964 in connection with the request to designate Mrs. Bertha Sanchez as beneficiary.[2]
Proof is sufficient to constitute a preponderance when the evidence, taken as *683 a whole, shows that the fact sought to be proved is more probable than not. Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (La.1971). Since either inference is equally probable in this case, the evidence does not preponderate in favor of a conclusion that the pertinent signature was executed in 1971 to request a change of beneficiary to Dolores Jacobsen.[3]
Accordingly, the judgment of the trial court is reversed, and it is now ordered that judgment be rendered in favor of Mrs. Bertha Sanchez, recognizing her entitlement to the proceeds in the registry of court. Costs of the appeal are to be deducted from the money on deposit. C.C.P. art. 4659.
REVERSED AND RENDERED.
GULOTTA, J., concurs and assigns reasons.

. Exhibit J-3 has two sides, each containing pertinent evidence, and for purposes of this opinion the sides are marked J-3A and J-3B.

. The policy and the form cards provide the option of naming multiple beneficiaries. Arguably, the “Dependents Added” and “Dependents Cancelled” sections of the card are intended for use when the insured desires to add or drop an additional beneficiary and not for use in changing single beneficiaries.

. The employee who entered the name of Dolores Jacobsen on Exhibit J-3B was not called to testify.