484 So.2d 266 (1986)
PHILADELPHIA LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Barbara Ann WHITMAN, Defendant-Appellee, and
Hilda Richard, Defendant-Appellant.
No. 84-1146.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
*267 Marcantel & Marcantel, David E. Marcantel, Jennings, for defendant-appellant.
Voorhies & Labbe, William J. Freidman, Jr., Lafayette, for plaintiff-appellee.
Bennett Lapoint, Lake Arthur, for defendant-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
Philadelphia Life Insurance Company (Philadelphia) instituted this concursus proceeding, simultaneously depositing the proceeds of a life insurance policy issued to Joseph L. DeMarcy in the registry of court, and impleaded Barbara Ann Whitman and Hilda Richard, as defendants, to assert their respective claims thereto. The matter was summarily tried on motions for summary judgment filed by each defendant. The trial court rendered judgment in favor of Barbara Ann Whitman, concluding that she was the beneficiary under the Philadelphia policy and as such entitled to the $10,000.00 of insurance proceeds deposited in the registry of court less court costs. Defendant, Hilda Richard, suspensively appealed.
The facts, material to a determination of the issue presented, are without dispute and as gleaned from the exhibits and joint stipulations of fact attached to each motion for summary judgment are as follows.
Philadelphia issued a group life insurance policy, bearing number 1331/1332, to Cactus International, Inc., which policy provided life insurance coverage to Cactus International's employees. Joseph L. DeMarcy was an employee of Cactus and an insured under the aforesaid policy. On November 4, 1975, Joseph L. DeMarcy executed a designation of beneficiary form, provided to him by Philadelphia, naming his daughter, Barbara Ann Whitman, as beneficiary. The designation of beneficiary form above mentioned contained the following language:
"The right to change, without their consent, the beneficiaries designated above is reserved."
Hilda Richard began to cohabit with Joseph DeMarcy about the year 1975 or 1976 and lived with him until his death on April 28, 1983. DeMarcy was unable to read or write but could sign his name. On April 21, 1983, DeMarcy received a form letter from Philadelphia requesting the answer to several questions, among which appears the following:
"8. We show BARBARA ANN WHITMAN as your beneficiary. If there is a change in your beneficiary designation, please let us know."
On April 26, 1983, DeMarcy received a visit from his granddaughter, Mrs. Kenneth T. Broussard. During this visit, DeMarcy referred the letter of April 21st to Mrs. Broussard's attention. Mrs. Broussard read the letter to DeMarcy and thereafter she propounded the questions to him, received his answers and filled out the form. In response to question number 8 appears the following answer: "Hilda Richard". The questionnaire, after completion, was dated by Mrs. Brousasrd, i.e., "4-26-83", signed by DeMarcy and mailed. The completed questionnaire was received by Philadelphia shortly before or after DeMarcy's death on April 28, 1983. Upon receipt of the completed questionnaire, Philadelphia, pursuant to its internal procedures, forwarded a change of beneficiary card to DeMarcy for completion and signature. The beneficiary change card was never executed as it was received after DeMarcy's death.
The trial court rendered judgment for Barbara Ann Whitman, apparently concluding that the completed questionnaire executed by DeMarcy on April 26, 1983 was an application to change the beneficiary which could not be considered effective until such time as the change of beneficiary form *268 furnished by the company was completed and signed. We disagree and reverse.
The policy of life insurance issued by Philadelphia contains the following pertinent provision:
"BENEFICIARY DESIGNATION. Each Employee shall have the right to designate a Beneficiary upon becoming insured under this Group Policy and to revoke at any time any previous designation and make a new designation by giving through the Owner written notice to the Company at its Home Office. Such revocation and new designation shall take effect as of the date the Employee signed the notice, but without prejudice to the Company on account of any payment made by it before receipt of such notice."
Where a policy of life insurance reserves to the insured the right to revoke at any time a previous designation of beneficiary and to make a new designation of beneficiary, the beneficiary acquires no vested interest in the policy or its proceeds during the lifetime of the insured. Further, it is settled that substantial compliance by an insured with policy provisions for a change of beneficiary will be given effect where the intention of the insured to make a change is manifest and the change of beneficiary is not contrary to law and does not affect vested rights. Smith v. American National Insurance Company, 25 So.2d 352 (La.App. 2d Cir.1946) and cases therein cited. It is equally well settled that the internal procedures established by the insurer in connection with applications for a change of beneficiary are mainly for the benefit of the insurer and do not operate to provide an exclusive method for a change of beneficiary. Metropolitan Life Insurance Company v. Richardson, 27 F.Supp. 791, appeal dismissed, 109 F.2d 339 (5th Cir.); Bland v. Good Citizens Mutual Benefit Association, 64 So.2d 29 (La.App. 1st Cir.1953).
In the instant case, the policy provision above quoted requires no particular form for a change of beneficiary other than that the insured give written notice to the company at its home office. Further, under the express terms of the policy, the revocation and new designation of beneficiary takes effect as of the date the insured signed the notice. In our view, the completed questionnaire which was signed by DeMarcy on April 26, 1983, and forwarded to the insurer the same day, clearly satisfied Philadelphia's policy requirement for revoking the previous designation of beneficiary and designating Hilda Richard as the new beneficiary. The completed questionnaire evidences the clear intent of the insured to effect a change of beneficiary as of the date of its execution. Such change was not contrary to law and did not affect vested rights. The circumstance that the change of beneficiary form furnished by the company and received following the death of DeMarcy was never executed is of no moment. Metropolitan Life Insurance Company, supra; Bland, supra.
Appellee, Barbara Ann Whitman, finally contends that the attempted change of beneficiary never became effective because an endorsement evidencing the change was never physically attached to the policy. In support of this contention, appellee refers us to La.R.S. 22:628. Appellee's reliance on La.R.S. 22:628 is misplaced. The cited statute concerns agreements in conflict with, extending or modifying the coverage of any insurance contract and does not apply to a change of beneficiary under a life insurance contract.
For the above and foregoing reasons, the judgment of the trial court is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the defendant, HILDA RICHARD, declaring her the beneficiary of the Philadelphia Life Insurance Company policy number 1331/1332 and as such entitled to all money deposited in the registry of the trial court, i.e., TEN THOUSAND DOLLARS ($10,000.00), plus all accrued interest, less the costs of these proceedings both at the trial level and on appeal. Philadelphia Life Insurance Company is relieved of all liability *269 to the extent of the money deposited in the registry of court.
REVERSED AND RENDERED.