|2LeBLANC, Judge.
This concursus involves two conflicting claims to the proceeds of a life insurance policy. The trial court concluded the insured, Charles Barnard, effectively changed his beneficiary from his wife, Estelle Barnard, to a friend, Carole Cole. The trial court’s judgment also dismissed Ms. Cole’s suit against the insurance agent who prepared the disputed change of beneficiary form. We reverse for the following reasons.

FACTS

Charles Barnard was the named insured on a $40,000.00[1] life insurance policy issued by Sun Life Assurance Company of Canada. On February 19, 1991, a change of beneficiary form naming Mrs. Estelle Barnard as the policy’s beneficiary was filed with Sun Life. Mr. Barnard died of Hodgkin’s disease on October 6, 1991, after a lengthy illness.
On or about October 7, 1991, Sun Life was contacted by Taylor Bernard, Jr. (hereafter Taylor Bernard), Mr. Barnard’s insurance agent,[2] who informed Sun Life that the insured had executed a new change of beneficiary form naming Carole Cole as his beneficiary. At that time, Taylor Bernard stated that the form was executed on September 3, 1991, but that he inadvertently failed to send it to Sun Life. Mr. Bernard explained that he discovered the unmailed form still in a file when he examined Mr. Barnard’s insurance files upon learning of his death.
Although Sun Life initially indicated the change of beneficiary form was acceptable, it declined to pay the proceeds to Ms. Cole when it learned of a competing claim to the policy proceeds by Mrs. Barnard. Consequently, Sun Life invoked the present con-cursus proceedings and deposited the policy proceeds in the court registry. A separate suit was subsequently filed by Ms. Cole seeking recovery against defendant, Taylor Bernard, in the |3event that the attempted change of beneficiary was found ineffective. *683 The concursus proceeding and Ms. Cole’s suit were consolidated for trial.

ACTION OF THE TRIAL COURT

Following trial on October 18 and 19,1998, the court rendered judgment finding the change of beneficiary valid and awarding the policy proceeds on deposit to Carole Cole. Additionally, the judgment dismissed Ms. Cole’s suit against Taylor Bernard. Mrs. Barnard now appeals the concursus judgment awarding the policy proceeds to Ms. Cole. A separate appeal was taken by Ms. Cole from that portion of the judgment dismissing her suit against Taylor Bernard. Ms. Cole argues that, in the event the con-cursus judgment is reversed, she is entitled to judgment against Taylor Bernard for his negligence in handling the change of beneficiary.

CONCURSUS

The applicable policy provision governing changes of beneficiaries provides, in pertinent part:
The request [for a change of beneficiary] has to be filed at our Office and must be in written form satisfactory to us. Your request will then be effective as of the date you signed the form....
In this case, Taylor Bernard filled out the form naming Ms. Cole as the new beneficiary, as directed by the insured, and Mr. Barnard’s signed it three times at different places on the form. Although the form is dated September 3, 1991, in three places, a question was raised at trial as to whether the form was actually executed on this date.
During trial, the court made several comments indicating it believed the date of the form’s execution was irrelevant. It is unclear whether the trial court in fact made a finding as to the specific execution date.[3] In any event, we disagree with the trial court’s conclusion that the date was irrelevant for two reasons: (1) the policy itself requires a fixed date for the change of |4beneficiaries form; and, (2) a date is necessary in order that all parties have an opportunity to present evidence on the issue of the insured’s competency at the time he signed the form.
At trial, Mrs. Barnard introduced the deposition of Dr. Gerald P. Miletello, Mr. Barnard’s treating physician, regarding the issue of Mr. Barnard’s mental competency. Mr. Barnard was seen by Dr. Miletello at his office on September 3, 1991, the date written on the disputed form. Dr. Miletello testified that Mr. Barnard’s condition was such that he would not have treated him that day if he had not been accompanied by his wife. Dr. Miletello stated emphatically that he did not believe Mr. Barnard was competent to make a change of beneficiary or to make any decisions of a financial nature on September 3, 1991. He described Mr. Barnard as being agitated, depressed and almost hostile at times that day. Dr. Miletello attributed Mr. Barnard’s condition to his heavy use, and sometimes abuse, of multiple drugs and the “overall debilitated state that comes as a result of the illness.”
Taylor Bernard, who was the only witness to the execution of the change of beneficiary form, did not dispute Dr. Miletello’s assessment of Mr. Barnard’s competency on September 3,1991. Rather, Taylor Bernard testified that Dr. Miletello’s assessment caused him to realize that the date on the form was probably incorrect, since Mr. Barnard’s condition was good on the day the form was signed. Therefore, Taylor Bernard reasoned that the form must have been executed on a date other than September 3, 1991.
If not for the testimony of Mrs. Estelle Barnard, which corroborates the improbability of the form having being signed on September 3, 1991, Taylor Bernard’s testimony to that effect would be entitled to little, if any, weight.[4] However, in view of the *684 ^unequivocal medical testimony that Mr. Barnard was not mentally competent on September 3, 1991, it would have been to Mrs. Barnard’s advantage if that date was established as the date of the form’s execution, since mental incompetence would invalidate the form. Taylor Bernard testified that the form was executed in Mr. Barnard’s office. Nevertheless, Mrs. Barnard testified that Mr. Barnard, who was unable to get around by himself, did not go anywhere on September 3, 1991, other than to Dr. Miletello’s office. Since Mrs. Bernard’s testimony in this regard was testimony against her own interest, it is entitled to heavy weight.
When Mrs. Barnard’s testimony is considered together with the other evidence presented, the record clearly establishes the change of beneficiary form was not executed on September 3, 1991, despite the fact that date is written on the form several times.[5] However, while the record refutes September 3, 1991, as the date of the form’s execution, it does not give any indication of the actual date of its execution. Taylor Bernard was unable to specify even the month in which the form was signed. Basically, he testified he did not know when the form was executed, although he believes it was prior to a request for an audit of Mr. Barnard’s policies, which was made on August 13, 1991.
Since the record reveals September 3, 1991, was not the actual date the form was executed and no other date can be established therefrom, the change of beneficiary form must be treated as undated. We believe this deficiency is fatal to the validity of the form, since we find the applicable policy provision clearly requires that the change of beneficiary form be dated. Although the policy provision in question does not specifically state the written form must be dated, it does provide that the change of beneficiary shall be effective from the date it is signed. Thus, this provision implicitly requires that the form be dated, or at lathe very least that the date it was signed be ascertainable. The rationale for this requirement is obvious. In the event there is more than one change of beneficiary, the date of each respective change is necessary to determine which is the later. Another consideration is that questions regarding the policy owner’s competency can not be adequately addressed if the date of the form’s signing is unknown.
An insurance contract is the law between the parties, and every provision therein must be construed as written. Thibodeaux v. Doe, 602 So.2d 1076, 1078 (La. App. 1st Cir.), writ denied, 605 So.2d 1377 (1992). In order to effect a change of benefi ciary, strict compliance with the terms of the insurance policy regarding such changes is required. Wickham v. Prudential Ins. Co. of America, 366 So.2d 951, 953 (La.App. 1st Cir.1978); American General Life Ins. Co. v. Fine, 944 F.2d 232, 234 (5th Cir.1991). When the validity of a change of beneficiary form is disputed, the party asserting a claim under the form has the burden of proving its validity. Sanchez v. Aetna Life Ins. Co., 350 So.2d 680, 682 (La.App. 4th Cir.), application not considered, 351 So.2d 515 (1977); American General Life Ins. Co. v. Fine, 944 F.2d at 235.
In the present case, the disputed change of beneficiary form was not in strict compliance with the policy’s requirements, since the date of the signing of this form was never established. Because Ms. Cole failed to meet her burden of proving the validity of the form, the trial court erred in finding she was the beneficiary of the Sun Life policy. Thus, judgment should have been rendered in favor of Mrs. Barnard in the concursus proceeding.
SUIT AGAINST TAYLOR BERNARD
Ms. Cole filed suit seeking judgment against Taylor Bernard in the event the *685 change of beneficiary form naming her as beneficiary was found invalid due to his negligence. Because the trial court concluded the form was valid, it dismissed Ms. Cole’s claims against Taylor Bernard. Ms. Cole appealed the dismissal of her claim. Due to our reversal herein of the trial court’s finding that the form was valid, we now consider Ms. Cole’s claim against |7TayIor Bernard.
Taylor Bernard was not an agent for Sun Life. However, he did have a longterm professional relationship with Mr. Barnard, throughout which he acted as Mr. Barnard’s insurance agent. Further, when he was questioned at trial by Ms. Cole’s attorney concerning the change of beneficiary forms, Taylor Bernard testified as follows:
Q. ... And you were responsible for the change of beneficiary and your other forms; is that correct?
A. Oh, yes; that’s right.
Q. That was your duty as agent?
A. There’s no doubt about that.
Therefore, having undertaken to assist Mr. Barnard in changing his beneficiary, Taylor Bernard, who admitted he owed a duty to Mr. Barnard in doing so, is liable for his negligence in effectuating the change, if damages were sustained as a result thereof. La.C.C. art. 2315. The evidence is clear herein that Mr. Barnard intended to change his beneficiary to Ms. Cole. It also reveals that Mr. Barnard relied on Taylor Bernard to effectuate the change of beneficiary. Taylor Bernard testified that he assured Mr. Barnard on more than one occasion that the change of beneficiary had been made.
We have concluded herein that the change of beneficiary form executed by Mr. Barnard was defective because the date on it was incorrect and no other date could be determined. This deficiency was directly attributable to Taylor Bernard since he wrote the incorrect date on the form. Furthermore, Taylor Bernard conceded at trial that, as Mr. Barnard’s agent, the change of beneficiary forms were his responsibility.
As noted above, Taylor Bernard offered no reasonable explanation for having incorrectly dated the form. The proffered explanation that he must have transposed the dates is belied by the fact that the incorrect date was written on the form three times, including at least one instance when the month was written out. Even if the transposition theory did explain how the error occurred, we find such carelessness nevertheless constituted Ignegligence. In the absence of any other explanation, we believe it was negligent for an experienced insurance agent, who was well aware of the importance thereof, to incorrectly date a change of beneficiary form three times. Cf. Woodmen of the World Life Ins. Soc. v. Hymel, 610 So.2d 195, 198-99 (La.App. 3rd Cir.1992), writ denied, 612 So.2d 103 (1993) (Insurer was found negligent for failing to properly prepare forms so as to carry out the insured’s intent regarding a change of beneficiary). Since his negligence resulted in the change of beneficiary form being invalid, Taylor Bernard is liable to Ms. Cole for the damages she suffered as a result of this negligence. These damages consist of the amount she would otherwise have received as beneficiary under the Sun Life policy, i.e., the amount deposited in the concursus proceeding ($34,671.62).

CONCLUSION

For the reasons assigned, the judgment of the trial court is hereby reversed. It is hereby ordered that there be judgment, in suit number 379,835, in favor of Estelle Barnard and against Sun Life Assurance Company of Canada finding Mrs. Barnard to be the beneficiary of the policy proceeds on deposit with the Clerk of Court of the 19th Judicial District, in the amount of $34,671.62, plus interest accrued since the date of deposit. Ms. Cole is to pay all trial court costs in suit number 379,835. It is further ordered that there be judgment, in suit number 384,940, in favor of Carole Cole and against Taylor Bernard, Jr., in the amount of $34,671.62, plus interest from the date of judicial demand. Taylor Bernard is to pay all trial court costs in suit number 384,940. Ms. Cole and Mr. Bernard are each to pay one-half of the costs of this appeal.
REVERSED AND RENDERED.

. After deduction for the amount of a loan taken against the policy, the trial court judgment in favor of Ms. Cole was in the amount of $34,-671.62.

. Taylor Bernard is not an agent for Sun Life.

. In its oral reasons for judgment, the trial court commented that “[f]or whatever reason, the date September the 3rd is on there [the change of beneficiary form].” This comment may indicate the court did not believe September 3, 1991, was the actual date of the form's execution. However, the court's finding on this point is unclear.

. We believe Taylor Bernard’s testimony that an experienced insurance agent would write an incorrect date three times on a change of beneficiary form, without being able to offer any reasonable explanation for the error, is rather incredible. At trial, the only explanation Taylor Bernard offered for the error was that he must have *684 transposed the date. However, he did not offer any specific date that he transposed, and did not explain how his transposition theory could possibly apply in a situation where the incorrect month was written out rather than a numerical equivalent used.

. As previously stated, it is unclear whether the trial court malee a specific finding of the date the form was executed. However, to the extent that the trial court may have made such a finding, and concluded that the form was executed on September 3, 199.1, we believe this finding would be manifestly erroneous in light of the combined testimony of Taylor Bernard and Mrs. Barnard disputing the date written on the form.