REVISED AUGUST 6, 2002

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-30392**

---

**SUN LIFE ASSURANCE COMPANY OF CANADA,**

**Plaintiff,**

**VERSUS**

**SHEILA RICHARDSON;**

**Defendant-Appellee,**

**VERSUS**

**DIANA JAMES;**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Eastern District of Louisiana

---

July 22, 2002

Before DAVIS, DeMOSS, AND STEWART, Circuit Judges.

DeMOSS, Circuit Judge:

This case involves the application of Louisiana's doctrine of substantial compliance as to the change of beneficiary in a life

insurance policy.  The district court found that Melvin Richardson substantially complied with the terms of his life insurance policy to effect a change of beneficiary.  For the reasons stated herein, we conclude that the district court erred in such finding.

## I.  BACKGROUND

On June 29, 1989, Melvin Richardson (Melvin), who worked for Highlines Construction Company (Highlines), executed a written form changing the beneficiary of his life insurance policy to his girlfriend, Diana James (Diana).  Melvin and Diana stopped dating in 1993, but remained friends.  On June 6, 1998, Melvin married Sheila Richardson (Sheila).  Around that time, Melvin went to Linda Lee (Linda) who was responsible for managing employee benefits at Highlines.  Melvin requested that "everything" be changed over to his new wife Sheila.  Linda testified that she gave Melvin numerous forms to fill out.  Melvin had limited reading and writing skills and, as a result, Sheila filled out the forms then gave them back to Melvin who signed them and then returned them to Linda.

Melvin was accidentally electrocuted on February 23, 2000, while working for Highlines.  After Melvin's death, Sheila learned that she was the beneficiary of his workmen's compensation benefits and his 401(k) plan, but not his life insurance policy.  Rather, Diana was still named as the beneficiary.

Sun Life Assurance Company of Canada (Sun Life), the company

that issued Melvin's life insurance policy, filed in the district court an interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine who was the legal beneficiary. Sun Life deposited the proceeds of the policy into the registry of the district court and named Sheila, Diana, and Melvin's sister, Shirley Ann Richardson (Shirley), as defendants. Diana filed an answer to the complaint, and Sheila answered and filed a third-party complaint naming Highlines as a third-party defendant. Highlines answered the third-party complaint and Shirley abandoned any claim to the insurance proceeds.

During a bench trial, the district court found four possible explanations for Sheila being named beneficiary for everything except Melvin's life insurance policy. First, Linda gave Melvin the life insurance change of beneficiary form, which Melvin chose not to return. Second, Linda gave Melvin the form, which he accidentally lost and did not return. Third, Melvin completed and returned the form, which Linda subsequently misplaced. Fourth, Linda never gave Melvin the change of beneficiary form when she gave him the paperwork concerning his other benefit plans.

The district court concluded that the fourth alternative was the most likely to have occurred--that Linda mistakenly failed to give Melvin the form. In support of this conclusion, the district court found that two witnesses corroborated Sheila's testimony that Linda had told her that Melvin wanted to change "everything" to Sheila's name, but that Linda had "overlooked" the life insurance

policy because it was in a separate place. The court also found that the witnesses corroborated Sheila's testimony that Linda stated she had not finished or completed the paperwork. In addition, the court found that Linda was adamant that Melvin had requested that "everything" be changed to his wife. Ultimately, the court concluded that Linda did not make the change to the life insurance because Linda did not realize that the form was missing.

The district court noted that Louisiana requires strict compliance with the terms of an insurance contract to effect a change of beneficiary. *See American Gen. Life Ins. Co. v. Fine*, 944 F.2d 232, 234 & n.5 (5th Cir. 1991). The district court, nevertheless, applied the doctrine of substantial compliance. *See Bland v. Good Citizens Mut. Ben. Ass'n*, 64 So. 2d 29, 33-34 (La. Ct. App. 1st Cir. 1953). In doing so, the court held that Melvin had complied with the requirements of changing his life insurance policy's beneficiary to Sheila because he had intended to do so and he took affirmative steps to do so. As a result, the court ordered that judgment be entered in favor of Sheila, which entitled her to the insurance proceeds of $104,000. The court also dismissed Sheila's third-party claim against Highlines as moot.

On March 20, 2001, Diana filed a notice of appeal and Sheila filed a protective appeal preserving her claim against Highlines. On April 26, 2001, Highlines filed a notice of appeal. Thereafter, attorneys J. Hunter Bienvenue (Bienvenue) and Charles Ferrara

4

(Ferrara) filed an original brief in intervention alleging that they are entitled to reimbursement of costs and expenses and attorney's fees in this matter in accordance with a contingency fee contract entered into between Sheila and Bienvenue.

## II. DISCUSSION

We are presented with two issues in this appeal. The first issue is whether Melvin complied with the requirements of his life insurance policy to effect a change of beneficiary. The second issue is whether the intervenors, Bienvenue and Ferrara, are entitled to recover reimbursement of costs and expenses and attorneys' fees in this matter in accordance with a contingency fee contract entered into between Sheila and Bienvenue. This second issue can be disposed of quickly because this Court does not have appellate jurisdiction to consider it. This issue has not been heard by the district court and, as a result, there has not been a final judgment from which the intervenors may appeal. The intervenors on appeal are dismissed without prejudice.

This Court reviews questions of law *de novo* and findings of fact for clear error in appeals from judgments rendered after a bench trial. *Read v. United States ex rel. Dep't of Treasury*, 169 F.3d 243, 247 (5th Cir. 1999). Louisiana law requires strict compliance with an insurance contract's terms to effect a change of beneficiary. *American Gen. Life Ins. Co.,* 944 F.2d at 234 & n.5.

5

Louisiana, however, recognizes the doctrine of substantial compliance in limited circumstances. This doctrine holds that when an insured does "substantially all that lay within his power to effect a change of beneficiary," the insured's strict compliance with the policy's terms will be sufficient even though the beneficiary is not altered before the insured's death. *Bland,* 64 So.2d at 33-34.

Louisiana cases concerning the doctrine of substantial compliance fall into two categories. The first category involves cases in which the original beneficiary wrongfully interfered with the insured's attempts to comply with the policy requirements. *See American Gen. Life Ins. Co.,* 944 F.2d at 234. The second category involves cases in which the insured complied with the requirements on the face of the policy, but some internal procedure of the insurance company was not completed. *Id*.

The case at hand does not fit into either of these categories. The district court, therefore, erred in applying the doctrine of substantial compliance. There is no evidence whatsoever that Diana, the named beneficiary of Melvin's life insurance policy, interfered with Melvin's ability to change the beneficiary to Sheila. Therefore, this case does not fit into the first category of cases noted above. Likewise, there is no evidence that Melvin ever received a change of beneficiary form which he filled out and returned to his insurance company for processing. In this regard,

6

we note that Linda is an employee of Highlines and there is no evidence that she was an agent or representative of the insurance company. As a result, this case also does not fit into the second category of cases.

## III. CONCLUSION

For the foregoing reasons, we hold that the district court erred in applying the doctrine of substantial compliance. We, therefore, REVERSE the district court and hold that the named beneficiary, Diana James, is entitled to the life insurance proceeds. We vacate the district court's order dismissing as moot Sheila's third-party claim against Highlines. We remand this matter to the district court for further proceedings not inconsistent with this opinion.