# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2025

Lyle W. Cayce
Clerk

No. 24-30349

ALLSTATE LIFE INSURANCE COMPANY,

*Plaintiff—Appellee*,

*versus*

YVETTE MARCELLE,

*Defendant—Appellee*,

EARL MARCELLE; EUNICE VALLERIA MOORE-LAVIGNE; THE ESTATE OF DR. MARILYN RAY-JONES; THE RAY-JONES FAMILY IRREVOCABLE TRUST,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-469

_____

Before KING, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30349

This interpleader action arises from a family dispute over the proceeds of a life insurance policy. We AFFIRM.

I

A

On December 13, 2004, Dr. Marilyn Ray-Jones, a Louisiana citizen, purchased a life insurance policy from Allstate Life Insurance Company ("Allstate"). The primary beneficiary was her disabled son, who could not live independently; her cousin, Yvette Marcelle, was the contingent beneficiary. The policy explicitly required a "written request" to change the named beneficiaries.

On February 14, 2019, Ray-Jones established the "Ray-Jones Family Irrevocable Trust" to provide financial support for her son, but he passed away later that year. Ray-Jones then filed a "First Amendment" that named new principal beneficiaries—her cousins, Eunice Valleria Moore-Lavigne and Earl Marcelle, Jr. (the "Trust Beneficiaries"). Ray-Jones attempted to designate the Trust Beneficiaries as primary beneficiaries of the Allstate policy by going with them to the bank where she had executed it, but they were told to contact Allstate directly.[1] Ray-Jones and one of the Trust Beneficiaries called Allstate and spoke to a customer service representative, who stated that there were no named beneficiaries to the policy other than Ray-Jones's son. Allstate sent Ray-Jones a change-of-beneficiary form after the call, but she did not take any further action to change the named beneficiaries on the policy.

_____

[1] From 2008 to 2019, Allstate sent Ray-Jones annual statements that listed the named beneficiaries. Most of her important documents and papers were destroyed during Hurricane Katrina.

No. 24-30349

Ray-Jones passed away on October 29, 2020. One of the Trust Beneficiaries contacted Allstate, and a customer service representative again represented that the policy named no contingent beneficiaries.

Allstate later concluded that Yvette Marcelle was the sole beneficiary of the policy because Ray-Jones never changed the named beneficiaries. Ray-Jones's estate disputed this conclusion.

B

On August 16, 2021, Allstate filed an interpleader action in the Middle District of Louisiana. The Trust Beneficiaries, the Estate of Ray-Jones, and the Ray-Jones Family Irrevocable Trust (collectively, "Appellants") answered and asserted counterclaims against Allstate based on its customer service representatives' erroneous representations that there were no named contingent beneficiaries on the policy. Yvette Marcelle also filed an answer.

The district court granted Yvette Marcelle's motion for summary judgment, finding that she was the "sole surviving beneficiary of the policy" and therefore "entitled to the proceeds." The district court also granted Allstate's motion for summary judgment and dismissed all counterclaims against it. Appellants challenge both rulings.[2]

II

We review a district court's grant of summary judgment *de novo*. *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 712 (5th Cir. 2002). Summary judgment is appropriate only when, after reviewing the evidence, there is no genuine dispute as to any material fact, meaning "the evidence is

---

[2] Appellants' prior appeal of the ruling on Yvette Marcelle's summary judgment motion was dismissed for a lack of jurisdiction because it was not a "final decision" of the district court. *Allstate Life Ins. Co. v. Marcelle*, No. 22-30493, 2022 WL 17975465, at *2 (5th Cir. Dec. 28, 2022).

such that a reasonable jury could [not] return a verdict for the nonmoving party." *See Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (quoting *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016)). And in reviewing the evidence on the record, we must view it in the light most favorable to the nonmovant. *Satterfield & Pontikes Constr., Inc. v. U.S. Fire Ins. Co.*, 898 F.3d 574, 578 (5th Cir. 2018).

III

A

Appellants argue that the district court erred in finding the doctrine of substantial compliance inapplicable. We disagree.

In Louisiana, "[t]o effect a change of beneficiary, strict compliance with the terms of the insurance policy regarding such change is required." *Standard Ins. Co. v. Spottsville*, 16-20, p. 6 (La. App. 1 Cir. 9/16/16), 204 So.3d 253, 258. This strict compliance rule has an exception. Under the substantial compliance doctrine, when "the insured did substantially all that lay within his power to do to effect a change in the beneficiary," and such conduct was considered full compliance with the policy, the court will deem strict compliance with the policy despite any technical defects. *See Bland v. Good Citizens Mut. Ben. Ass'n*, 53-3654, (La. App. 1 Cir. 3/19/53), 64 So.2d 29, 33–34. It applies in two categories of cases: (1) "cases in which the original beneficiary wrongfully interfered with the insured's attempts to comply with the policy requirements"; and (2) "cases in which the insured complied with the requirements on the face of the policy, but some internal procedure of the insurance company was not completed." *Sun Life Assur. Co. of Canada v. Richardson*, 299 F.3d 500, 503 (5th Cir. 2002).

Appellants argue that "the second category applies"—Ray-Jones relied on Allstate's representatives' statements that there were no contingent beneficiaries named in the policy, so she "reasonably and

understandably saw no pressing need to submit the change-of-beneficiary form." They claim that "based on the information provided to her by Allstate, [] Ray-Jones was in substantial compliance with the terms of the [p]olicy."

The substantial compliance doctrine generally requires, at a minimum, a written document or a form reflecting the insured's desire to change the beneficiaries of the policy at issue. *Compare Richardson*, 299 F.3d at 503 (finding the doctrine inapplicable because "there is no evidence that Melvin ever received a change of beneficiary form which he filled out and returned to his insurance company for processing"), *with Bland*, 64 So.2d at 32 (applying the doctrine when the insured executed an affidavit indicating his intent to name a new beneficiary). Here, although Appellants point to evidence of Ray-Jones's intent to change beneficiaries after her son passed, they identify no written document reflecting her intent to change the beneficiaries to the Allstate policy. It is undisputed that Ray-Jones failed to comply with the "requirements on the face of the policy." *Richardson*, 299 F.3d at 503.

Appellants also rely on *Hartford Life & Accident Insurance Company v. Wilmore*, 31 F. App'x 832, 2002 WL 180363, at *1 (5th Cir. 2002), and *Prudential Insurance Company of America v. Kibling*, 352 F. Supp. 1274 (M.D. La. 1973), but these cases are distinguishable. *Hartford*, which concerns the doctrine of substantial compliance in an ERISA case, was decided under federal common law and not Louisiana law. 2002 WL 180363, at *2. *Kibling* involved an insured who, prior to his death, completed the wrong change-of-beneficiary form, which the insurer's agent had provided to him. 352 F. Supp. at 1276. The district court found that, unlike here, the insured "clearly evidenced his intent to change the beneficiary" when he completed a change-of-beneficiary form. *Id.* at 1277–78.

B

Appellants contend the district court erred in finding that their "reliance [on Allstate's representatives' statements] was unreasonable as a matter of law" because justifiable reliance is a fact question to be decided by a jury.[3]

To establish a detrimental reliance claim under Louisiana Civil Code art. 1967, a plaintiff must prove (1) a representation by word or conduct, (2) justifiable reliance, and (3) a change in position to one's detriment resulting from the reliance. *Patriot Const. & Equipment, LLC v. Rage Logistics, LLC*, 15-1136, p. 10 (La. App. 3 Cir. 4/6/16), 215 So.3d 844, 852; La. Civ. Code Ann. art. 1967. Typically, whether a plaintiff justifiably relied on a promise is a fact question, but a plaintiff's reliance on a promise may be unreasonable as a matter of law. *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). A party cannot reasonably rely on an employee's representations when it "conflict[s] with the clear meaning of the contract terms." *Cenac v. Orkin, L.L.C.*, 941 F.3d 182, 198–99 (5th Cir. 2019) (citing *Bethea*, 376 at 404–05); *see also Brown v. Phoenix Life Ins. Co.*, 843 F. App'x 533, 545–46 (5th Cir. 2021) (finding reliance on oral representations unreasonable because "insurance contracts must be in writing").

Here, the Allstate policy expressly names Yvette Marcelle as a contingent beneficiary. Based on the unambiguous terms of the policy, Ray-

---

[3] Allstate argues that the detrimental reliance claim was not properly raised below. We agree with the district court that Appellants' allegation that they "ultimately relied on erroneous and misleading information provided to them by Allstate which was detrimental to their interest" placed Allstate on notice of this claim.

No. 24-30349

Jones's reliance on the Allstate representative's conflicting statements was unreasonable as a matter of law.[4]

C

Appellants argue that the district court erred by dismissing their counterclaim that Allstate is vicariously liable "for the negligent acts and/or omissions" of its representatives.

To prevail on this vicarious liability claim, three elements must be present: (1) an employer/employee relationship; (2) a negligent or tortious act on the part of an employee; and (3) the act complained of must be committed in the course and scope of employment. *See Jones v. Maryland Cas. Co.*, 18-0552, p. 10 (La. App. 4 Cir. 5/11/22), 339 So.3d 1243, 1249. "This claim fails if there is no underlying [wrongful] conduct." *Armstrong v. Ashley*, 60 F.4th 262, 277 n.12 (5th Cir. 2023).

We agree with the district court that Appellants' vicarious liability claim fails for the same reasons as their detrimental reliance claim. Appellants cannot rely on the employee's oral misrepresentations as sufficient wrongful conduct to hold Allstate vicariously liable. *See Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 585 (5th Cir. 2012) (dismissing vicarious liability claim because there was an "absence of potentially tortious conduct"); *Courville ex rel. Vincent v. City of Lake Charles*, 98-73, p. 21 (La. App. 3 Cir. 10/28/98), 720 So.2d 789, 800 ("Because we

---

[4] Appellants argue that because her documents were destroyed in Hurricane Katrina, Ray-Jones could not determine whether the Allstate representatives' statements were false. We find this point unavailing, as the record indicates Ray-Jones was on notice of the policy's beneficiaries due to Allstate's annual statements in her records. Moreover, Louisiana law holds an insured responsible for reading and knowing the provisions of their own insurance policy. *See Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990).

No. 24-30349

affirm the finding of no negligence on the part of the LCPD officers, the claim of vicarious liability against the City must fall.").

IV

The district court's judgment is AFFIRMED.