**STANDARD INSURANCE COMPANY**

v.

**Ashley SPOTTSVILLE
and Ivory Hayes**

**2016 CA 0020**

Court of Appeal of Louisiana,
First Circuit.

Judgment Rendered: September 16, 2016

Rehearing Denied October 7, 2016

Johnell M. Matthews, Chrystal M. Matthews, Baton Rouge, Louisiana, Attorney for Defendant/Appellee, Ivory Hayes

Shannon Battiste, Port Allen, Louisiana, Attorneys for Defendant/Appellant, Ashley Spottsville

BEFORE: PETTIGREW, McDONALD, and DRAKE, JJ.

McDONALD, J.

This suit involves a concursus proceeding to resolve competing claims to the proceeds of a decedent's life insurance policy. The trial court determined the decedent's last-dated power of attorney did not give his mandatary the authority to change the beneficiary on the decedent's policy from his daughter to his sister, as was

required by the policy. The trial court concluded the decedent's daughter was entitled to the life insurance proceeds and granted summary judgment in her favor. The sister appeals the adverse judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Earl Spottsville worked as a teacher with the Iberville Parish School Board (School Board) until his retirement in 1998. While employed, Mr. Spottsville obtained $25,000 life insurance coverage under a group policy issued to the School Board by Standard Insurance Company (Standard). After Mr. Spottsville's death on March 4, 2014, Standard received conflicting documentation regarding the identity of his life insurance beneficiary. The School Board's proof of death claim form indicated that the decedent's daughter, Ashley Spottsville, was the named beneficiary. A Standard "Enrollment and Change Form" (Standard change form) signed by the decedent on January 12, 2014, also indicated that Ashley Spottsville was the beneficiary; but, another Standard change form, signed on February 20, 2014, by Joyce M. Grant, the decedent's mandatary, indicated that Ivory Hayes, the decedent's sister, was the beneficiary.

Standard ultimately filed a petition for concursus naming Ms. Spottsville and Ms. Hayes as defendants. The trial court later signed an order allowing Standard to deposit the decedent's life insurance proceeds into the registry of the court, with accrued interest, if any; directing that costs of the concursus be deducted from the concursus funds; and relieving Standard of further liability to the defendants for the concursus funds.[1] After both defendants answered the petition, Ms. Spottsville filed a motion for summary judgment arguing that she was entitled to the concursus funds, because the power of ₃attorney the decedent signed authorizing Ms. Grant to act on his behalf did not give Ms. Grant the authority to change the beneficiary on the decedent's life insurance policy to Ms. Hayes. Ms. Hayes opposed the motion contending the decedent's power of attorney allowed Ms. Grant to change his life insurance beneficiary, even though this authority was not specifically enumerated.

After a hearing, the trial court signed a judgment on June 17, 2015, granting Ms. Spottsville's motion for summary judgment. Ms. Hayes filed a motion for judgment notwithstanding the verdict (JNOV) or for new trial. She also appealed from the adverse judgment. After the appeal was lodged, this Court issued a rule to show cause order noting that the judgment appeared to lack appropriate decretal language, and that the appeal appeared to be premature because the trial court had not yet ruled on Ms. Hayes' pending motion for JNOV or new trial. The trial court supplemented the appellate record with an amended judgment signed on February 25, 2016, certifying the judgment as final under LSA–C.C.P. art. 1915(B); with an August 10, 2015 minute entry recording the trial court's denial of the Ms. Hayes' motion; and with a second judgment signed on February 25, 2016, memorializing the denial of the motion. Another panel of this Court provisionally maintained the appeal and reserved to this panel a final determination as to whether the appeal should be

---

1. This order, relieving Standard of liability, was signed on November 14, 2014. Later, on June 30, 2015, the trial court signed a Partial Consent Judgment, wherein the court again ordered that Standard was discharged of further liability under the School Board's group policy for proceeds payable on Mr. Spottsville's life and, further, dismissing all claims against Standard with prejudice.

maintained. This Court later issued an interim order noting that the prematurity issue had been resolved but that the February 25, 2016 amended judgment did not cure the decretal language deficiency. The trial court then supplemented the appellate record with another amended judgment signed on July 15, 2016, which reads, in pertinent part:

**IT IS ORDERED, ADJUDGED AND DECREED** that the defendant's, Ashley Spottsville, Motion for Summary Judgment is GRANTED in favor of Ashley Spottsville and against Ivory Hayes. Ashley Spottsville is the beneficiary of the Life Insurance Policy that is the subject of this lawsuit, particularly Earl [Spottsville's] Standard Insurance Company's Life Insurance Benefits of $25,000. Ashley Spottsville is the beneficiary of $25,000 and Ivory Hayes is entitled to zero dollars under the ruling of the court.

■■■ We now decide whether this judgment is a final judgment identified as such by appropriate language. LSA–C.C.P. art. 1918. The language of a final judgment must be precise, definite, and certain. *Conley v. Plantation Management Co., L.L.C.,* 12–1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, 546, *writ denied,* 13–1300 (La. 9/20/13), 123 So.3d 178. Generally, it must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. *Id.* at 547. To be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the identity of the party cast and the precise amount owed without reference to other documents in the record. *Id.*

The July 15, 2016 amended judgment satisfies the above requirements for a final judgment. It identifies Ms. Spottsville as the decedent's life insurance beneficiary in the amount of $25,000 and states that Ms. Hayes is entitled to no money under the policy. Although the judgment does not order payment of the concursus funds to Ms. Spottsville, a third person can determine the amount owed without reference to other documents in the record. Thus, finding that the July 15, 2016 judgment now contains sufficient decretal language to be a valid, final judgment, we maintain the appeal and address the merits.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Hayes claims Ms. Spottsville was not entitled to summary judgment because: (1) Ms. Spottsville's summary judgment evidence did not comply with LSA–C.C.P. art. 966(B)'s requirements; (2) the decedent was not required to give Ms. Grant express authority to change the beneficiary on his life insurance policy; and (3) the decedent's failure to expressly authorize Ms. Grant to change his life insurance beneficiary in his power of attorney was not grounds to grant Ms. Spottsville's motion for summary judgment, because Standard waived that requirement by filing the concursus proceeding.

## DISCUSSION

*Summary Judgment*

Summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. *See* former LSA–C.C.P. art. 966(B)(2).[2] Under the

2. The trial court signed the summary judgment on June 17, 2015, and it is therefore

applicable version of LSA–C.C.P. art. 966, evidence cited in and attached to a motion for summary judgment or memorandum by an adverse party is deemed admitted for purposes of the motion unless excluded in response to a properly asserted objection. *See* former LSA–C.C.P. art. 966(F)(2). Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion. *Id.* An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *In re Succession of Beard*, 13–1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759–60.

■ Ms. Hayes first argues that summary judgment was not appropriate because Ms. Spottsville's summary judgment evidence did not sufficiently comply with the requirements of LSA–C.C.P. art. 966(B). She notes that Ms. Spottsville provided little evidence to support her motion, which included an uncertified sheet entitled "Beneficiary Information," but no depositions, answers to interrogatories, admissions, or affidavits. Under former LSA–C.C.P. art. 966(F)(2), evidence attached to a motion for summary judgment was deemed admitted for purposes of the motion unless excluded in response to a properly asserted objection. Here, despite her contrary claim in brief, the record does not show that Ms. Hayes objected to Ms. Spottsville's summary judgment evidence in her opposition memorandum or in a written motion to strike. *See* former LSA–C.C.P. art. 966(F)(3). Further, Ms. Hayes did not object to Ms. Spottsville's evidence at the summary judgment hearing, and, in fact, her counsel introduced the entire suit record, which included Ms. Spottsville's evidence. Thus, Ms. Spottsville's evidence was deemed admitted for purposes of the motion for summary judgment under former LSA–C.CP. art. 966(F)(2), and Ms. Hayes cannot now challenge the admissibility of such evidence. This assignment of error is meritless.

### *Authority of Mandatary*

■ Ms. Hayes next argues the trial court erred in finding Ms. Grant's change of the ₆decedent's life insurance beneficiary was ineffective. She argues that Louisiana mandate law did not require that the decedent expressly grant Ms. Grant the power to change his beneficiary in the power of attorney. Rather, she argues such power is included in the general authority a principal may grant to his mandatary under LSA–C.C. art. 2994. In response, Ms. Spottsville points out that it was the Standard change form, not Louisiana law, that required the decedent to give express authority to Ms. Grant to change his beneficiary.

The trial court agreed with Ms. Spottsville and, in granting summary judgment to her, issued the following reasons for judgment:

> It is undisputed that Ashley Spottsville was listed as the Beneficiary on January 12, 2014. On February 20, 2014[,] an Enrollment and Change Form was signed by Joyce Grant as Power of Attorney for Earl Spottsville, naming Ivory T. Hayes as the Primary Beneficiary.

governed by the version of LSA–C.C.P. art. 966 in effect after its amendment by 2014 La. Acts No. 187. Although LSA–C.C.P. art. 966 was also later amended by 2015 La. Acts No. 422, the provisions of Act 422 do not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the act, January 1, 2016. *See* 2015 La. Acts No. 422, § 2. *Accord Ciolino v. First Guar. Bank*, 15–0818 (La.App. 1 Cir. 4/15/16), 2016 WL 1535590, *3 n. 2 (unpublished).

The Enrollment and Change Form clearly states, "A power of attorney must grant specific authority, by terms of the document or applicable law, to make or change a Beneficiary designation." On February 19, 2014[,] Earl Spottsville change his Principal Agent/Attorney-in-Fact to Joyce Grant. This document grants full authority to Joyce Grant for 16 enumerated powers and includes a catch all phrase. However, none of the enumerated list specifically grants Joyce Grant the power to make or change a Beneficiary designation.

Since the Power of Attorney did not specifically grant that power, the Change of Beneficiary was not proper and therefore ineffective.

■■■ Based on our de novo review, we agree with the trial court. An insurance policy constitutes the law between the parties and governs the nature of their relationship. *Peterson v. Schimek,* 98–1712 (La. 3/2/99), 729 So.2d 1024, 1028. It is well settled that an insurer has the right to limit liability and impose conditions or restrictions under a policy provided such limitations do not conflict with statutory provisions or public policy. *LeBlanc v. Aysenne,* 05–0297 (La. 1/19/06), 921 So.2d 85, 91; *Allstate Ins. Corp. v. Reid,* 04–1620 (La.App. 1 Cir. 11/30/05), 934 So.2d 56, 60, *writ denied,* 06–2099 (La. 11/17/06), 942 So.2d 534. To effect a change of beneficiary, strict compliance with the terms of the insurance policy regarding such change is required. *Sun Life Assur. Of Canada (U.S.) v. Barnard,* 94–0402 (La.App. 1 Cir. 3/3/95), 652 So.2d 681, 684; *Wickham v. Prudential Ins. Co. of America,* 366 So.2d 951, 953 (La.App. 1 Cir.1978); |₇*see* 15 La. Civ. L. Treatise, *Insurance Law & Practice* § 8:6 (4th ed.) (database updated 11/15) (noting that Louisiana courts have adhered to a strict construction of policy provisions for a change of beneficiary, despite an undercurrent of jurisprudence applying a lesser "substantial compliance" standard in certain cases). Further, if the words of the policy are clear and unambiguous, the agreement must be enforced as written. *Brown v. Manhattan Life Ins. Co.,* 01–0147 (La. 6/29/01), 791 So.2d 74, 77 (per curiam).

In support of her motion for summary judgment, Ms. Spottsville filed the Standard change forms signed by the decedent and by Ms. Grant and a copy of the decedent's power of attorney appointing Ms. Grant. On what appears to be the second page of, or the reverse side of, the Standard change forms, under "Beneficiary Information," a specific provision states: "A power of attorney must grant specific authority, by terms of the document or applicable law, to make or change a Beneficiary designation." These words are clear and unambiguous. Thus, to change his beneficiary via a power of attorney, the decedent was required to expressly give this power "by terms of the document or applicable law."

The decedent's power of attorney designating Ms. Grant as his agent gives her "by the terms of the document" the express authority to perform 16 enumerated acts; but, the power of attorney does not expressly give Ms. Grant the authority to change the beneficiary on his life insurance policy. Further, the "applicable law," the law of mandate found in Louisiana Civil Code articles 2989 et seq., does not expressly give such power to a mandate. And, although LSA–C.C. art. 2994 may allow a principal to confer "general authority to do whatever is appropriate under the circumstances" to his mandatary, such general authority does not equate to an express grant of authority to change a beneficiary on a life insurance policy, as the Standard change form required. So,

the power of attorney's catch all phrase, appearing immediately after the 16 enumerated acts, by which the decedent granted Ms. Grant authority to act in "any and all matters; without reservation of any kind and to the fullest extent allowed by law . . .," is insufficient to bestow change-of-beneficiary authority upon Ms. Grant.

Standard had the right to impose conditions on the method by which the decedent could change his beneficiary designation. *LeBlanc*, 921 So.2d at 91. The Standard change form clearly and unambiguously imposed certain conditions, which were not fulfilled in this case. Thus, because neither the terms of the power of attorney nor applicable law specifically granted Ms. Grant authority to change a beneficiary designation, the trial court correctly concluded that her February 20, 2014 execution of the Standard change form, as the decedent's agent, changing his beneficiary to Ms. Hayes, was ineffective. This assignment of error is meritless.

### Waiver of Policy Requirements

In her last assignment of error, Ms. Hayes argues Standard waived any requirement for making a beneficiary change when it filed this concursus proceeding and placed the decedent's policy proceeds in the court's registry for payment to whomever the court deemed was the rightful owner. To support her argument, Ms. Hayes cites *Bland v. Good Citizens Mut. Ben Ass'n*, 64 So.2d 29 (La.App. 1 Cir.1953), in which this Court similarly dealt with competing claims to life insurance benefits. We do not find *Bland* controlling here. The waiver referenced in *Bland* was the insurer's acceptance of a technically incorrect notice to change a beneficiary. *Id.* at 33. *Bland* does not stand for the proposition that an insurer's filing of a concursus proceeding constitutes a waiver of the necessary requirements for making a beneficiary change. Nor do we interpret *Bland* as requiring that Standard's change of beneficiary requirements be ignored, because the decedent "did substantially all that was in his power to effect a change of beneficiary." To the extent jurisprudence from other circuits may support such propositions, we decline to follow such reasoning, in light of this Court's adherence to a strict construction of policy provisions for the change of a beneficiary. *See Sun Life Assur. of Canada (U.S.),* 652 So.2d at 684; *Wickham,*366 So.2d at 953.[3]

Based on our de novo review, we conclude the trial court correctly granted summary judgment to Ms. Spottsville. The summary judgment evidence indisputably shows that Standard's change form required that any power of attorney granting authority to change a life insurance beneficiary had to specifically be done "by terms of the document or applicable law." The decedent's power of attorney did not grant such specific authority to Ms. Grant nor does Louisiana mandate law expressly give such power to a mandate. So, Ms. Grant's

---

**3.** In *Standard Life & Accident Ins. Co. v. Plyant*, 424 So.2d 377, 382 (La.App. 2 Cir. 1982), *writ denied*, 427 So.2d 1212 (La.1983), the Second Circuit held that an insurance company waived provisions of its life insurance policy as to the method of effecting a change of beneficiary by filing a concursus proceeding and depositing disputed insurance proceeds with the court. We are not bound by *Pylant* and decline to follow its reasoning. *Great Lakes Dredge and Dock Co., LLC v. State ex rel. Coastal. Prot. & Rest. Auth.*, 14–0249 La.App. 1 Cir. 11/7/14, 167 So.3d 682, 690 n. 7. Further, we note that, in limited circumstances, an insured's substantial compliance with change of beneficiary requirements has been held to suffice. *See* cases discussed in 15 La. Civ. L. Treatise, *Insurance Law & Practice* § 8:6 (4th ed.) (database updated 11/15). These "substantial compliance" cases do not require leniency in the interpretation of Standard's change of beneficiary requirements here.

change of beneficiary change on the decedent's behalf was ineffective. Where an attempt to change a beneficiary in a life insurance policy has been unsuccessful, and there is a prior valid designation, the prior beneficiary is entitled to the proceeds of the insurance. *See Valley Forge Life Ins. Co. v. Krause*, 359 So.2d 1351, 1354 (La.App. 4 Cir.1978). Because the decedent previously designated Ms. Spottsville as his beneficiary, the trial court correctly ruled that she was entitled to his life insurance proceeds.[4]

### CONCLUSION

The appeal is maintained. The July 15, 2016 judgment is affirmed. Costs of the appeal are to be deducted from the money on deposit in the trial court's registry. *See* LSA–C.C.P. art. 4659.

**APPEAL MAINTAINED; JUDGMENT AFFIRMED.**

---

4. We note, however, that the trial court's November 14, 2014 order relieved all parties from the payment of any of the costs of this proceeding as they accrued and further ordered its clerk of court to deduct all costs of the concursus from the money deposited into the court's registry. *See* LSA–C.C.P. art. 4659. If such deductions were made, Ms. Spottsville would not receive the entire $25,000, but only $25,000 with accrued interest, if any, less the costs that were deducted as they accrued.