STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1520

WACHOVIA MORTGAGE CORPORATION

VERSUS

STEPHEN TODD HOOVER

Judgment Rendered: **SEP 2 1 2020**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 598,992

Honorable Wilson E. Fields, Judge Presiding

* * * * *

John C. Morris, III
Ashley E. Morris
Monroe, LA

Attorneys for Plaintiff-Appellee,
Wells Fargo Bank, NA, Successor by
Merger to Wachovia Bank, NA

Garth J. Ridge
Baton Rouge, LA

Attorney for Defendant-Appellant,
Stephen Todd Hoover

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

Defendant, Stephen Todd Hoover, appeals the trial court's grant of summary judgment in favor of plaintiff, Wells Fargo, NA, Successor by Merger to Wachovia Bank, NA (hereafter referred to as "Wells Fargo")[1] in this suit on a promissory note.

## FACTS AND PROCEDURAL HISTORY

On February 7, 2011, Wachovia filed a Petition to Enforce Security Interest by Ordinary Process seeking to enforce a note dated March 15, 2000, in the original principal sum of $351,000.00 executed by Mr. Hoover as maker. In its petition, Wachovia stated that Mr. Hoover was required to make monthly payments on the note, and that Mr. Hoover defaulted on the note by failing to pay the monthly installment for June 1, 2010, when due, and he remained in default by failing to pay all successive monthly installments and other amounts due on the note and mortgage. Wachovia sought the remaining amount due on the note plus interest, costs, and fees. The note was secured by an act of mortgage encumbering immovable property bearing the municipal address 609 Grand Lakes Drive, Baton Rouge, Louisiana. Attached to Wachovia's petition was a copy of the note as well as a copy of the mortgage.

On December 9, 2011, Wachovia filed an ex parte motion to substitute Wells Fargo as plaintiff. On February 19, 2019, Wells Fargo[2] filed a motion for summary judgment contending that there are no material facts at issue, and that Wells Fargo is entitled to a judgment enforcing the terms of the note. In response, Mr. Hoover opposed Wells Fargo's motion for summary judgment, attaching the original petition with a copy of the note attached.

---

[1] The original plaintiff, Wachovia Mortgage Corporation ("Wachovia"), merged with and into Wells Fargo on May 6, 2011.

[2] Wells Fargo filed two previous motions for summary judgment, one in August 2012, which was denied, and one in June 2018, which was withdrawn in order to restore the note that was damaged by the courthouse sprinkler system. These motions, difficulty serving Mr. Hoover, as well as several requests for continuances by both sides explain the long delay between the filing of the petition and the filing of the motion for summary judgment that is currently before this court.

2

Wells Fargo's motion for summary judgment came before the trial court for a hearing on April 8, 2019. The trial court took the matter under advisement to review Mr. Hoover's opposition and ruled in open court on June 24, 2019, granting summary judgment in favor of Wells Fargo. Subsequently, the trial court signed a judgment on July 15, 2019, in favor of Wells Fargo against Mr. Hoover in the amount as follows:

> (a) principal of $293,763.91 with interest thereon at 9.625% per annum from May 1, 2010, until paid; (b) the following amounts accrued through February 5, 2019: late charges of $1,193.36, advances of $30,625.39 for payment of hazard insurance, advances of $34,517.64 for the payment of taxes, property inspection/preservation of $680.00, and any such additional amounts accruing thereafter through the date of sale; (c) all expenses incurred including reasonable attorney's fees not to exceed 25% of the principal amount herein, and (d) all law charges, costs, fees and expenses including sheriff's commission.

It is from this judgment that Mr. Hoover appeals, raising two assignments of error regarding the discrepancies in the copies of the note and the original note, and Wells Fargo's initial statement that the note was lost.

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. See **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to "final judgments." See La. Code Civ. P. art. 2083(A). Louisiana Code of Civil Procedure article 1918 provides that "[a] final judgment shall be identified as such by appropriate language." A final judgment must be precise, definite, and certain. **Conley v. Plantation Mgmt. Co., L.L.C.**, 2012-1510 (La. App. 1st Cir. 5/6/13), 117 So.3d 542, 546, writ denied, 2013-1300 (La. 9/20/13), 123 So.3d 178. A final appealable judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. To be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the party cast and the precise amount owed without reference to other documents in the record. **Standard Insurance Company v. Spottsville**, 2016-0020 (La. App. 1st Cir. 9/16/16), 204 So.3d 253, 256.

In this matter, the judgment awards the following amounts accrued through February 5, 2019: late charges of $1,193.36, advances of $30,625.39 for payment of hazard insurance, advances of $34,517.64 for the payment of taxes, property inspection/preservation of $680.00, and "**any such additional amounts accruing thereafter through the date of sale.**" (Emphasis added.) Additionally, the judgment awards "reasonable attorney fees," but does not specify the amount of the fees. Further, the judgment awards "all expenses" without reference to a specific amount. Finally, although law charges, costs, and expenses including the sheriff's commission are ascertainable, the awarding of "fees" is not precise, definite, or certain. Thus, the precise amount of "additional amounts accruing thereafter," "reasonable attorney fees," "all expenses," and "fees" cannot be determined from the judgment. These indefinite awards render the entire judgment non-appealable. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. As such, there is no final appealable judgment before us, and this court lacks subject matter jurisdiction. Accordingly, Mr. Hoover's appeal is dismissed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed equally between defendant-appellant, Mr. Todd Hoover and plaintiff-appellee, Wells Fargo.

**APPEAL DISMISSED; REMANDED.**