JEW

WW

WRC by JEW

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 1202

EARTON SMITH

VERSUS

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS

JUDGMENT RENDERED: **APR 1 6 2021**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C678861 • Section 23

The Honorable William Morvant, Judge Presiding

* * * * * * *

Earton Smith, D.O.C. #305982
*Louisiana State Penitentiary*
Angola, Louisiana

APPELLANT
PLAINTIFF—*Pro Se*

Heather C. Hood
Baton Rouge, Louisiana

ATTORNEY FOR APPELLEE
DEFENDANT—Louisiana
Department of Public Safety and
Corrections

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

Earton Smith, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") and confined to the Louisiana State Penitentiary in Angola, Louisiana, appeals a judgment of the district court dismissing, without prejudice, his claims against the Department. For reasons that follow, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Smith initially commenced this proceeding as a request for a writ of mandamus to compel the Department's second step response regarding Administrative Remedy Procedure No. LSP-2017-1874 ("ARP"). Smith's ARP was based on his claim that excessive force was used against him by prison security officers on August 8, 2017. Smith filed his ARP on August 11, 2017, and it was accepted by the Department on August 16, 2017. Smith received the Department's first step response on October 11, 2017, which concluded there was no evidence to support his allegations. Smith, claiming that the Department's first step response denied him any meaningful relief, timely filed a request for a second step response on October 18, 2017. According to the plaintiff, over ninety days had elapsed since he filed his request for a second step response and the Department had not provided a second step response.[1] Therefore, Smith commenced this proceeding seeking a writ of mandamus to compel the Department's second step response.

The Department initially responded that it answered Smith's ARP at the first step on October 11, 2017, and at the second step on January 11, 2018. After the Department was unable to provide a copy of the January 11, 2018 second step

---

[1] Although Smith cited LAC 22:325(G)(4)(a) in his petition as the applicable provision setting forth the time limits and deadlines within which the Department must provide its response, at the pertinent time period herein, these time limits and deadlines were actually set forth in LAC 22:325(J)(1)(c).

2

response to the district court, the Department filed a supplemental response indicating it had incorrectly responded that Smith's ARP was answered at the second step on January 11, 2018, providing the Court with a copy of its second step response to Smith dated September 10, 2019, and urging that Smith's request for mandamus was moot. The Department also stated that it would pay all costs associated with Smith's mandamus proceeding. Notably, the Department's second step response, which denied Smith relief, provided that the prison "staff [did] not deny the incident, they concede[d] it should not happen again[,] and [the prison] staff indicated that [the offending prison security officer] was counselled. No further investigation is warranted."

On November 13, 2019, Smith then filed in these proceedings a petition seeking judicial review of his ARP. Smith's request for judicial review was based on the same allegations that excessive force was used against him by prison security officers on August 8, 2017. In his petition for judicial review, he sought a judgment declaring the actions of the involved prison security staff to be delictual and awarding him both compensatory damages (for his physical and emotional injuries) and punitive damages (for the delictual actions of the prison security officers).

The commissioner assigned to the matter then issued a report recommending that all filings prior to November 13, 2019 be deemed associated with Smith's petition for writ mandamus and that they be dismissed as moot without prejudice at the Department's costs. The commissioner also recommended that all filings on and after November 13, 2019 be deemed associated with Smith's petition for judicial review and be dismissed without prejudice at Smith's costs because the petition was not filed in the proper mode for trial (i.e., it was filed as an appeal of the ARP rather than as an ordinary suit for damages (see La. R.S. 15:1177(A) and (C)) and, as a delictual action for damages, it was filed in an improper venue under

3

La. R.S. 15:1184(F) (*i.e.*, it was filed in East Baton Rouge Parish rather than West Feliciana Parish, where the Louisiana State Penitentiary is located).[2]

Thereafter, on October 13, 2020, the district court adopted the commissioner's recommendation and signed a judgment, which provided as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that judgment is rendered herein, dismissing this suit for mandamus as moot without prejudice at the Department's costs, and that *Petitioner be reimbursed the full amount he paid to file and prosecute the mandamus proceeding.*
>
> **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that the judicial review of **ARP No. LSP-2017-1874** be and is dismissed without prejudice at Petitioner's costs because it was filed in the improper mode for trial and in the improper venue.

(Emphasis added).

From this judgment, Smith has appealed.

## APPELLATE JURISDICTION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. See **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to "final judgments." See La. C.C.P. art. 2083(A). Louisiana Code of Civil Procedure article 1918 provides that "[a] final judgment shall be identified as such by appropriate language." A final judgment must be precise, definite, and certain. **Conley v. Plantation Mgmt. Co., L.L.C.**, 2012-1510 (La. App. 1st Cir. 5/6/13), 117 So.3d 542, 546, writ denied, 2013-1300 (La. 9/20/13), 123 So.3d 178. A final appealable judgment must name the party in favor of whom the ruling is

---

[2] Louisiana Revised Statutes 15:1184(F) provides that "[t]he exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner was assigned when the cause of action arose."

4

ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. *Id.* To be legally enforceable as a valid final judgment, a third person should be able to determine from the judgment the party cast and *the precise amount owed without reference to other documents in the record.* **Standard Insurance Company v. Spottsville**, 2016-0020 (La. App. 1st Cir. 9/16/16), 204 So.3d 253, 256.

As set forth above, in this matter, the judgment Smith appealed provides that "[p]etitioner be reimbursed the full amount he paid to file and prosecute the mandamus proceeding." However, the judgment does not set forth the specific amount that the petitioner, Smith, was to be reimbursed for filing and prosecuting the mandamus proceeding. Thus, the amount of reimbursement awarded to Smith is not precise, definite, or certain, and cannot be determined from the judgment. This indefinite award renders the entire judgment non-appealable. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1047. As such, there is no final appealable judgment before us, this court lacks subject matter jurisdiction, and this appeal must be dismissed.

## CONCLUSION

For all of the above and foregoing reasons, we dismiss this appeal for lack of jurisdiction. All costs are assessed to the plaintiff-appellant, Earton Smith.

**APPEAL DISMISSED.**